HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
JAY RAPAPORT, SBN 281964
jrapaport@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Plaintiff SlashSupport, Inc.
d/b/a/ CSS Corp

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SLASHSUPPORT, INC., a Delaware corporation, d/b/a CSS Corp,<br><br>Plaintiff,<br><br>v.<br><br>NATARAJAN CHOODAMANI,<br><br>Defendant. | CASE NO. 5:16-cv-01505-BLF<br><br>**STIPULATION AND [PROPOSED]**<br>**TEMPORARY RESTRAINING ORDER**<br><br>Judge:   Hon. Beth Labson Freeman<br>Date:    March 31, 2016<br>Time:    2:00 p.m.<br>Crtrm.:  3 – 5th Floor |

Pursuant to Civil Local Rules 6-2 and 7-12, the parties agree and stipulate as follows:

SlashSupport, Inc. d/b/a CSS Corp ("CSS") filed suit on March 28, 2016, alleging that Natarajan Choodamani ("Choodamani") misappropriated CSS's trade secrets and breached its contractual obligations to CSS. ECF No. 1. Concurrently, CSS moved for a temporary restraining order and order to show cause why a preliminary injunction should not issue. ECF No. 3. The Court has set CSS's motion for hearing at 2:00 p.m. on March 31, 2016. ECF No. 15.

On March 30, 2016, the parties met and conferred and stipulated, in the interest of promoting settlement and conserving judicial resources, to entry of a temporary restraining on the following terms:

1.  Choodamani and his agents, servants, employees, attorneys, and those in active

STIPULATION AND [PROPOSED] TEMPORARY RESTRAINING ORDER

concert or participation with them are restrained and enjoined from using or disclosing to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary, and/or trade secret information that belongs to CSS.

2. Choodamani and his agents, servants, employees, attorneys, and those in active concert or participation with them are restrained and enjoined from destroying, deleting, or modifying any files and documents containing such information that are in their possession, custody, or control.

3. Choodamani and his agents, servants, employees, attorneys, and those in active concert or participation with them are restrained and enjoined from destroying, deleting, or modifying any recording concerning how they acquired, used, or disclosed such information.

4. Choodamani and his agents, servants, employees, attorneys, and those in active concert or participation will return to CSS, by delivering to its counsel Hanson Bridgett LLP, all copies of all files and documents, whether in electronic copy or hard copy format, that contain confidential, proprietary, and/or trade secret information belonging to CSS and in their possession, custody, or control. If Choodamani and his agents, servants, employees, attorneys, and those in active concert or participation with them assert that these files and documents are held on servers, computers, cloud storage, portable hard drives, or other electronic media, they shall make such electronic media available to CSS so that CSS can retain a neutral forensic expert to copy and remove its files. Any files, documents, and electronic media falling within these terms shall be turned over to Hanson Bridgett within seven (7) days of this order.

5. Absent a stipulated extension, the terms of this order will remain in effect for sixty (60) days or until the Court resolves CSS's request for a preliminary injunction, whichever is later.

6. Within forty (40) days of this order the parties will advise the Court on whether they wish to extend the temporary restraining order or set a briefing schedule for CSS's request for a preliminary injunction.

7. All parties reserve their respective rights, remedies, and defenses, notwithstanding this stipulated order. This stipulation shall not be construed as an admission of liability.

1  Good cause supports entering the stipulated order. The parties hope to reach a settlement of
2  this dispute without the need for this Court's intervention, thereby avoiding unnecessary cost or
3  imposition on the Court's time. Rapaport Decl., ¶ 2. To achieve this settlement, CSS requires
4  assurances that its confidential, proprietary, and/or trade secrets information has been returned to it
5  and has not been copied or disclosed. *Id.*, ¶ 3. Following CSS's review of any documents, files,
6  devices, or electronic media provided under this Order, the parties will meet and confer in good
7  faith in an attempt to reach a negotiated resolution. *Id.*

8  The parties have filed this stipulation as soon as practicable. Choodamani's counsel, David
9  Anderson, was unavailable to discuss CSS's motion until the afternoon before the scheduled
10 hearing, and counsel for CSS was not able to receive approval to proceed from CSS's CEO, who
11 was in India, until that evening. *Id.*, ¶ 4. If the Court does not act on this stipulation before the
12 currently scheduled hearing or declines to vacate the hearing, counsel for CSS will appear as
13 scheduled. *Id.*, ¶ 5.

14 **IT IS SO STIPULATED.**

16 DATED: March 30, 2016                    HANSON BRIDGETT LLP

18                                          By:      /s/ Jay Rapaport
                                                 KURT A. FRANKLIN
                                                 JAY RAPAPORT
19                                               Attorneys for Plaintiff SlashSupport, Inc.
                                                 d/b/a/ CSS Corp

22 DATED: March 30, 2016                    LAW OFFICES OF DAVID W. ANDERSON

24                                          By:
                                                 DAVID W. ANDERSON
25                                               Attorney for Defendant Natarajan Choodamani

26 //
27 //

1   Good cause supports entering the stipulated order. The parties hope to reach a settlement of
2   this dispute without the need for this Court's intervention, thereby avoiding unnecessary cost or
3   imposition on the Court's time. Rapaport Decl., ¶ 2. To achieve this settlement, CSS requires
4   assurances that its confidential, proprietary, and/or trade secrets information has been returned to it
5   and has not been copied or disclosed. *Id.*, ¶ 3. Following CSS's review of any documents, files,
6   devices, or electronic media provided under this Order, the parties will meet and confer in good
7   faith in an attempt to reach a negotiated resolution. *Id.*

8   The parties have filed this stipulation as soon as practicable. Choodamani's counsel, David
9   Anderson, was unavailable to discuss CSS's motion until the afternoon before the scheduled
10  hearing, and counsel for CSS was not able to receive approval to proceed from CSS's CEO, who
11  was in India, until that evening. *Id.*, ¶ 4. If the Court does not act on this stipulation before the
12  currently scheduled hearing or declines to vacate the hearing, counsel for CSS will appear as
13  scheduled. *Id.*, ¶ 5.

14  **IT IS SO STIPULATED.**

16  DATED: March 30, 2016                HANSON BRIDGETT LLP

18                                       By: _____
                                         KURT A. FRANKLIN
19                                       JAY RAPAPORT
                                         Attorneys for Plaintiff SlashSupport, Inc.
                                         d/b/a/ CSS Corp

22  DATED: March 30, 2016                LAW OFFICES OF DAVID W. ANDERSON

24                                       By: _____
25                                       DAVID W. ANDERSON
                                         Attorney for Defendant Natarajan Choodamani

26  //
27  //

121787912

STIPULATION AND [PROPOSED] TEMPORARY RESTRAINING ORDER

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

6  Dated: March 31, 2016                    _____
                                            Hon. Beth Labson Freeman
                                            United States District Judge

**DECLARATION OF JAY RAPAPORT**

I, Jay Rapaport, declare as follows:

1. I am an attorney licensed to practice in the state of California and before this Court. I am an associate with the law firm Hanson Bridgett LLP, counsel of record for Plaintiff SlashSupport, Inc. d/b/a CSS Corp ("CSS").

2. At 2:15 p.m. on March 30, 2016, I received a call from Defendant Natarajan Choodamani's counsel, David W. Anderson, who had been out of the state on Monday and Tuesday of this week and unable to meet and confer with me before then. Mr. Anderson and I discussed the possibility that, in the interest of amicably resolving this dispute and conserving judicial resources, the parties would stipulate to a temporary restraining order on the terms discussed above.

3. To achieve a settlement, CSS requires assurances that its confidential, proprietary, and/or trade secrets information has been returned to it and has not been copied or disclosed. Assuming that CSS receives those assurances, and following review of any documents, files, devices, or electronic media provided under this Order, the parties will meet and confer in good faith in an attempt to reach a negotiated resolution.

4. CSS appreciates the Court's consideration in ordering an expedited hearing on its motion for a temporary restraining order. I began preparing this stipulation as soon as my call ended with Mr. Anderson, but had to relay the terms of the stipulation to CSS's CEO, who is in India. At the time I spoke with Mr. Anderson, it was about 2:40 a.m. for CSS's CEO. I emailed a draft stipulation to Mr. Anderson while waiting to hear from CSS's CEO, and emailed a final draft to him for him to review after I received approval to proceed and Mr. Anderson's comments on my initial draft. I received Mr. Anderson's consent to file the stipulation at 9:28 p.m. on the evening of March 30.

5. I have informed Mr. Anderson that, if the Court is unable to act on the stipulation before the hearing on CSS's motion or declines to vacate that hearing, I will appear at the hearing.

6. Pursuant to Civil Local Rule 5-1(i)(3), I certify that all signatories have concurred

1  in the filing of this stipulation.
2      I declare under penalty of perjury that the foregoing is true and correct.
3      Executed at San Francisco, California on March 30, 2016.
4
5
6                              /s/ Jay Rapaport
                               Jay Rapaport
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28